Stutzman v. Gearhart.

---

CHARLES F. STUTZMAN ET AL., APPELLEES, V. AMANDA GEARHART ET AL., APPELLANTS.

FILED DECEMBER 29, 1924.  No. 22941.

1. **Trusts: BREACH: LACHES.** A., B., and C., partners, bought land with partnership funds. Title was taken in A.'s name with the express understanding and intent that each was to have an equal interest therein. Later A. declared nimself absolute owner, and, less than a year after, B. brought suit praying a decree finding A. trustee for the benefit of A., B., and C.'s heirs, C. having died. A. pleaded laches. *Held*, B. is not estopped thereby.
2. **Evidence** examined, and *held* sufficient to sustain the judgment.

APPEAL from the district court for Dawson county: J. LEONARD TEWELL, JUDGE. *Affirmed.*

*Halligan, Beatty & Halligan,* for appellants.

*N. M. York* and *Cook & Cook, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE, DEAN, GOOD and THOMPSON, JJ.

THOMPSON, J.

Plaintiffs Charles F. Stutzman, Jonathan Stutzman, and Louise Schmeekle, children of John J. Stutzman, hereinafter named, brought this suit in the district court for Dawson county against defendants Amanda Gearhart and Herbert Stutzman, also children of John J. Stutzman, Lena Stutzman, wife of Charles F. Stutzman, Alma Stutzman, wife of Jonathan Stutzman, Blanche Stutzman, wife of Herbert, and Carl Gearhart, husband of Amanda, for partition of 160 acres of land in such county. In the petition it is stated, in substance, that plaintiff Jonathan Stutzman, defendant Herbert Stutzman, and their father, John J. Stutzman, were at one time equal partners, doing business under the firm name of " Stutzman Bros;" that on or about the 11th day of March, 1905, such partnership purchased 160 acres of land in Dawson county, describing it, and paid for same out of partnership funds; that for their convenience the title thereto was taken in the name of defendant Herbert Stutzman, to be by him held in trust for their use and benefit as equal partners therein and thereto; that John J. Stutzman died intestate on April 28, 1921, a resident of Dawson county, leaving as his sole and only heirs Jonathan Stutzman, who became and was the owner of an undivided 6-15 interest in such 160 acres of land; Herbert Stutzman, 6-15; Charles F. Stutzman, 1-15; Louise Schmeekle, 1-15; Amanda Gearhart, 1-15; that Lena Stutzman is the wife of Charles F. Stutzman; Alma Stutzman is the wife of Jonathan Stutzman; and Blanche Stutzman is the wife of Herbert Stutzman; that the estate of John J. Stutzman had been administered upon, and all claims, debts and expenses paid. Prayer is for decree considering and determining the above interests, and for partition of such land.

Defendants Lena and Alma Stutzman, in their answer, admit the allegations in the petition. Defendants Herbert and Blanche Stutzman, in their amended answer, deny that plaintiff Jonathan Stutzman or John J. Stutzman ever had any interest in the land, and allege that Herbert is the sole

owner thereof; that plaintiff Jonathan Stutzman is guilty of laches by failing to timely assert his pretended claim. The reply is in substance a general denial.

Case tried to the court. Decree for plaintiffs as prayed for, and partition ordered. Defendants Herbert and Blanche Stutzman appeal.

The evidence shows that John J. Stutzman, looking to the best interests of himself and sons, Jonathan and Herbert, suggested to them the propriety of forming a partnership, he contributing property, and the sons their attention and ability, to the promotion of the enterprise. Acting upon this suggestion, the partnership was formed, to be known as " Stutzman Bros." The business of the father and these two sons was thereafter conducted under the partnership name. Funds were deposited in the bank to the credit of " Stutzman Bros.," and checks drawn thereon by either of the three.

The land in question is located near the land which the father and sons farmed under this partnership agreement, and they conceived the idea of purchasing it in furtherance of the partnership enterprise. Pursuant to the contract of purchase, the three built a barn thereon, and the first payment of $1,500 was made with partnership funds. As the father had a judgment then existing against him, he did not want to take title in his name. It was then suggested that title be taken in the name of Herbert, with the understanding and intent that he would hold same for the benefit of the three. A mortgage given to secure the reminder of the purchase price was signed by Herbert. Nothing was paid on this mortgage, and it has been renewed from time to time by other mortgages.

A dissolution of the partnership took place later, following which the personal property was divided. Jonathan moved away, and Herbert and the father continued farming the land. Sometime after, the latter died intestate. Herbert continued to farm the land in question, suggesting to Jonathan, both by letter and personal conversation, that they should settle the matter of dividing the land be-

tween themselves, and ignore the rights of the other children to the interest held by the father at the time of his death. Such settlement was not made, and it appears that later Herbert asserted sole ownership in this land.

The evidence is without conflict as to the organization of the partnership, but there is a direct conflict as to the circumstances surrounding the taking of title by Herbert. However, we find that the evidence strongly preponderates in favor of plaintiff's contention.

As to the defense of laches pleaded by defendants, we find that plaintiff began this action less than a year after he learned that Herbert had asserted sole ownership in such land. The evidence fails to show that defendant was damaged, or his position changed, by reason of delay. The plea of laches is without support, and cannot avail in this case.

Therefore, it is found and considered by us that the facts alleged in the petition are sustained by the weight of evidence; that Jonathan Stutzman is owner of an undivided 6-15 interest, Herbert Stutzman 6-15 interest, Charles F. Stutzman 1-15 interest, Louise Schmeekle 1-15 interest, and Amanda Gearhart 1-15 interest, in and to the southwest quarter of section 34, township 11 north, range 23 west of the sixth principal meridian, in Dawson county; that defendant Blanche Stutzman is without interest therein, save such as she may have by reason of being the wife of Herbert Stutzman; that partition of the land above described should be had.

It is considered by us that the judgment of the trial court is in all things right, and should be, and hereby is,

AFFIRMED.

Note—See Evidence, 39 Cyc. p. 160; Trusts, 39 Cyc. p. 606.